1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   GILBERT DORET,                    )        NO. CV 20-3647-DSF (AGR)
                                       )
12              Petitioner,            )
                                       )
13        v.                           )
                                       )
14   FILIPE MARTINEZ, Jr., Warden,     )        ORDER ACCEPTING FINDINGS
                                       )        AND RECOMMENDATION OF
15              Respondent.            )        MAGISTRATE JUDGE
                                       )
16                                     )
                                       )
17   _____)

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of

19   Habeas Corpus, the other records on file herein, the Report and

20   Recommendation of the United States Magistrate Judge and the Objections.  The

21   Court has engaged in a *de novo* review of those portions of the Report and

22   Recommendation to which objections have been made.  The Court accepts the

23   findings and recommendation of the Magistrate Judge except as set forth below.

24          Petitioner seeks expungement of Incident Report #3128033 that he

25   contends will adversely affect his parole eligibility and therefore duration of his

26   sentence.  (Petition at 11.)[1]

27   _____

28          [1]  Page citations are to the page numbers assigned by CM/ECF in the
     header.

Under 28 U.S.C. § 2241, habeas jurisdiction is available "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). "*Bostic* does not hold that habeas corpus jurisdiction is always available to seek the expungement of a prison disciplinary record." *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003). Habeas jurisdiction does not exist when a petitioner fails to show that "expungement of his disciplinary finding will accelerate his eligibility for parole." *Fiorito v. Entzel*, 829 Fed. Appx. 192, 194 (9th Cir. 2020).

There is scant guidance as to how a court determines whether expungement is likely to accelerate a prisoner's eligibility for parole. In *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), the Ninth Circuit held that a state prisoner had to show that success on his claims would necessarily lead to immediate or earlier release from confinement. *Id.* at 935. The Court declined to address the standard applicable to relief sought by federal prisoners. *Id.* at 931.

Respondent contends that Petitioner cannot show that expungement will likely accelerate his eligibility for parole. Petitioner was convicted of first degree murder with premeditated possession of a firearm during commission of a crime of violence in the District of Columbia Superior Court. He was sentenced to life imprisonment with a minimum term of 25 years. (Ben-Shmuel Decl. ¶ 5a.) Prison records indicate he began serving his sentence in the Bureau of Prisons ("BOP") on September 15, 2006 and will be eligible for parole in 2031.[2] (*Id.* ¶ 5c & Exh. A, Dkt. No. 9-1 at 8.) Given that Petitioner must serve a minimum of 25 years before he is eligible for parole, Respondent argues that expungement will not accelerate his eligibility for parole. *See* D.C. Code §§ 24-404(a), 24-408(b).

---

[2] The records also show a parole eligibility date of January 3, 2028. (Dkt. No. 9-1 at 8.) Whether the date is in 2028 or 2031 is immaterial to the analysis.

1    It is unclear whether the *Bostic* standard also encompasses suitability for

2    parole.  Assuming that it does, one case in this district found that a petitioner had

3    made the requisite showing that expungement will likely accelerate his eligibility

4    for parole when the Parole Commission had cited the disciplinary findings as one

5    reason for denying parole.  *Watson v. Milusnic*, 2020 U.S. Dist. LEXIS 215864,

6    *7-*8 (C.D. Cal. Sept. 28, 2020), *accepted*, 2020 U.S. Dist. LEXIS 221678 (C.D.

7    Cal. Nov. 24, 2020); *see also Shakur v. Milusnic*, 2019 U.S. Dist. LEXIS 153054,

8    *2, *13-*14 (C.D. Cal. Mar. 7, 2019) (finding habeas jurisdiction over claim by

9    federal prisoner who was denied parole that Parole Commission's procedures

10   violated statutory and constitutional law).

11   By contrast, Petitioner will not be eligible for a parole hearing until he has

12   served his minimum 25-year term.  The disciplinary findings will not accelerate his

13   eligibility for parole.  Assuming the *Bostic* standard also encompasses suitability

14   for parole, the initial parole hearing will not occur for several years.  The Parole

15   Commission's policy with respect to D.C. Code offenders is that "the minimum

16   term imposed by the sentencing court presumptively satisfies the need for

17   punishment for the crime of which the prisoner has been convicted."  28 C.F.R. §

18   2.73(b).  "However, there may be exceptional cases in which the gravity of the

19   offense is sufficient to warrant an upward departure from § 2.80 and denial of

20   parole."  *Id.*  Here, Petitioner's offense is first degree murder.  Although the

21   Commission also considers whether a prisoner has "substantially" observed the

22   rules of the institution, Petitioner's argument that expungement of one disciplinary

23   finding for possession of drugs/alcohol will likely accelerate his eligibility for

24   parole is speculative, particularly in light of his remaining disciplinary history, and

25   insufficient to establish habeas jurisdiction.  (Exh. B to Ben-Shmuel Decl.)

26   Petitioner has not shown any other basis for habeas jurisdiction.

27   IT THEREFORE IS ORDERED that Respondent's motion to dismiss the

28

3

Petition for Writ of Habeas Corpus is granted and this action is dismissed without prejudice for lack of habeas jurisdiction.  Nothing in this order prevents Petitioner from filing a civil rights action in the proper venue.

DATED: March 15, 2021

DALE S. FISCHER
United States District Judge